**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Eva's Photography, Inc.,

Plaintiff,

v.

El Planeta Media LLC,

Defendant.

Case No:

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Eva's Photography, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant El Planeta Media LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Elder Ordonez *("Ordonez")* created a photograph of Mexican singer, producer, and songwriter Luis Miguel (the "*Photograph*") which Plaintiff owns the rights and licenses for various uses including online, editorial, journalistic, digital-media, commercial, and print publications.

3. Defendant owns and operates a website at eltiempolatino.com (the "*Website*").

4. Upon information and belief, Defendant operates a digital-media publishing business that distributes news reporting, entertainment reporting, editorial content, and visual-media content through the Website in order to attract readership, increase audience engagement, generate advertising revenue, and create commercial value.

5. Upon information and belief, photographs are integral to Defendant's traffic-generation and revenue-generation model because visual content attracts reader attention, increases article engagement, encourages readership, increases time spent on the Website, and thereby increases the commercial value generated by Defendant's publishing operations.

SLG SANDERS · LAW GROUP ·

6. Upon information and belief, Defendant's unauthorized use of the Photograph had direct commercial value to Defendant because it increased the attractiveness of Defendant's article concerning Luis Miguel, drew reader attention to Defendant's content, generated audience engagement, increased traffic to the Website, and created advertising and related commercial value for Defendant without payment of a license fee to Plaintiff.

7. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Eva's Photography, Inc. is a New York corporation and maintains a principal place of business in Queens County, New York.

9. Upon information and belief, defendant El Planeta Media LLC, is a Massachusetts limited liability company with a principal place of business at 399 Boylston Street, 6th Floor, Boston in Suffolk County, Massachusetts.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

13. Plaintiff is a professional photography corporation whose work has been widely published through newspapers, magazines, media organizations, editorial publications, digital-

SLG SANDERS LAW GROUP

SLG SANDERS · LAW GROUP ·

media platforms, and online outlets.

14. Ordonez is a professional photographer whose photographs are routinely published and licensed through media organizations and editorial publications.

15. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of its business.

16. Plaintiff has devoted substantial time, skill, effort, training, creativity, and expense to creating original photographic works.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of Plaintiff's photographs.

18. Plaintiff regularly licenses photographs to media outlets, publishers, brands, businesses, and commercial entities for a fee.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. Plaintiff actively protects and enforces its copyrights and maintains exclusive rights in copyrighted works pursuant to the Copyright Act.

21. Plaintiff's photographs possess substantial commercial value because of their originality, professional quality, subject matter, and marketability for editorial, commercial, and promotional uses.

22. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

23. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

24. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

25. On February 19, 2023, Ordonez first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

26. In creating the Photograph, Ordonez personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

27. On March 9, 2023, the Photograph was registered by the USCO under Registration No. VA 2-340-937.

28. Ordonez created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

29. Plaintiff acquired the rights in and to the Photograph by way of written assignment.

**B. <u>Defendant's Infringing Activity</u>**

30. Defendant is the registered owner of the Website and is responsible for its content.

31. Defendant is the operator of the Website and is responsible for its content.

32. The Website forms part of Defendant's commercial enterprise and serves as a publishing, advertising, audience-engagement, customer-acquisition, and business-development platform through which Defendant distributes news reporting, commentary, editorial content, and related media offerings.

33. Upon information and belief, the Website is designed to attract, retain, and engage readers through the publication of news, entertainment reporting, celebrity coverage, visual-media content, newsletters, and related editorial offerings.

34. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of written and visual-media content through the Website in order to attract audience attention, increase engagement, expand readership, strengthen brand visibility, and generate advertising and related commercial revenue.

35. Upon information and belief, Defendant derives revenue and other commercial benefits from advertising displayed on the Website, audience growth, increased website traffic, reader engagement, newsletter subscriptions, sponsorship opportunities, brand visibility, and related publishing activities facilitated by content appearing on the Website.

36. Upon information and belief, Defendant operates as a digital-media publisher in an



SLG SANDERS · LAW GROUP ·

industry in which copyrighted photographs are routinely acquired, licensed, published, distributed, and monetized.

37. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright because it was of professional quality and distributed through commercial media channels.

38. Upon information and belief, Defendant specifically selected and utilized the Photograph because it depicted internationally recognized singer Luis Miguel and because celebrity-focused visual content attracts reader attention, increases audience engagement, enhances the attractiveness of Defendant's entertainment reporting, increases website traffic, and increases the commercial value of Defendant's publishing operations.

39. Upon information and belief, Defendant specifically selected and utilized the Photograph because it depicted internationally recognized singer Luis Miguel and because such celebrity-focused content attracts reader attention, increases audience engagement, enhances the attractiveness of Defendant's entertainment reporting, increases website traffic, and increases the commercial value of Defendant's publishing operations.

40. On or about July 30, 2023, without permission or authorization from Plaintiff, Defendant reproduced, displayed, distributed, communicated, and otherwise exploited the Photograph on the Website as part of an online article at URL: https://eltiempolatino.com/2023/07/30/cultura/noticias-sobre-entretenimiento/el-cambio-de-look-de-luis-miguel-antes-de-volver-a-los-escenarios/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

41. The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://i0.wp.com/eltiempolatino.com/wp-content/uploads/2023/07/image-74.png?resize=768%2C512&quality=80&ssl=1.

42. The Infringement is an exact copy or, in the alternative, a substantially similar copy of Plaintiff's Photograph and contains the same protectable elements, including composition, subject matter, timing, angle, lighting, perspective, framing, and overall expressive content.

43. Plaintiff first observed the Infringement on November 14, 2023.

44. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph. (hereinafter all of the unauthorized use set forth above is referred to as the *"Infringement")*.

45. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

46. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

47. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

48. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

49. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

50. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

51. Upon information and belief, Defendant maintained the legal right and ability to control, review, approve, modify, remove, and otherwise regulate content appearing on the Website.

52. Upon information and belief, Defendant monitored content appearing on the

Website.

53. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

54. Upon information and belief, the Infringement increased audience engagement with the Website and generated additional traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

55. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, advertising revenue, readership growth, customer attention, and related business-development opportunities associated with the Infringement.

56. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

57. Defendant's use of the Photograph harmed the actual market for the Photograph.

58. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

59. On December 26, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

60. On May 3, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve Plaintiff's claims without litigation and affording Defendant an additional opportunity to address Plaintiff's infringement of Plaintiff's copyrighted work.

61. Plaintiff thereafter sent additional communications concerning the Infringement on November 11, 2025, and December 11, 2025.

62. Following receipt of Plaintiff's notices, Defendant removed the Infringement from the Website.

63. Defendant's removal of the Infringement demonstrates that Defendant possessed



SLG SANDERS LAW GROUP

the ability to control, modify, remove, and otherwise regulate content appearing on the Website.

64. Despite receiving multiple notices concerning Plaintiff's claims and being afforded multiple opportunities to resolve the matter without litigation, Defendant did not compensate Plaintiff for its unauthorized use of the Photograph, thereby necessitating the commencement of this action.

65. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

66. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

67. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

68. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

69. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

70. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

71. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

72. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

SLG SANDERS LAW GROUP

73. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

74. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

75. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

SLG SANDERS · LAW GROUP ·

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 26, 2026

**SANDERS LAW GROUP**

By: *_/s/ Craig Sanders_*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129192

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·